## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

AUTUAN WHITE                      :
                                  :        PRISONER CASE NO.
v.                                :        3:15cv1079(JCH)
                                  :
JAMES DZURENDA, ET AL             :        JULY 31, 2015


### INITIAL REVIEW ORDER

The plaintiff, Antuan White, currently incarcerated at the Enfield Correctional

Institution in Enfield, Connecticut, has filed a complaint pro se under section 1983 of title

42 of the United States Code.  The Complaint was received by the court on July 14,

2015, and his motion to proceed in forma pauperis was granted on July 29, 2015.  The

named defendants are former Commissioner James Dzurenda, Captain Riordan,

Lieutenant Alexander, Lieutenant Pellegrino, Correctional Officer Rivera and

Correctional Officer Penfield.  The plaintiff alleges that the defendants subjected him to

a cross-gender strip search in violation of his rights under the Fourth and Eighth

Amendments and the Prison Rape Elimination Act, 42 U.S.C. § 15602.  The defendants

are named in their individual capacities only.

Under section 1915A of title 28 of the United States Code, the court must review

prisoner civil complaints and dismiss any portion of the complaint that is frivolous or

malicious, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro

se complaint, the court must assume the truth of the allegations, and interpret them

liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d

636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "'A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.    ALLEGATIONS

On June 11, 2014, defendants Alexander, Pellegrino and Riordan, along with unnamed correctional officers entered the plaintiff's housing unit at Carl Robinson Correctional Institution and ordered all inmates to the dayroom to be strip searched. One of the inmates was a sex offender.  The searches were conducted by male correctional staff.  The inmates were not separated from each other by a partition.  The search was recorded on the video camera mounted on the dayroom wall.  Defendant Penfield, a female officer, was on duty in the main control area monitoring the surveillance cameras.

When the plaintiff objected to the arrangement, defendant Pellegrino stated that he could strip there or go to punitive segregation where he would be strip searched alone but still in front of a wall-mounted video camera.  The plaintiff complied with the

2

order and submitted to the search.

## II.    ANALYSIS

The plaintiff states that he seeks to redress violations of his rights under the Fourth and Eighth Amendments and the Prison Rape Elimination Act.  However, there is no private right of action under the Prison Rape Elimination Act.  See McCloud v. Prack, 55 F.Supp.3d 478, 482 n.2 (W.D.N.Y. 2014) (citation omitted).  Thus, any claim under the Prison Rape Elimination Act is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff contends that, because a female officer could view the recording of the strip search, the search is a cross-gender strip search and violates his Eighth and Fourth Amendment rights.  The Fourth Amendment has generally been interpreted to preclude cross-gender strip searches absent an emergency or exigent circumstances. Byrd v. Maricopa Cty. Sheriff's Dep't., 629 F.3d 1135, 1143 (9th Cir. 2011).  In this case, however, the search was not conducted by a female correctional officer.  Despite the plaintiff's characterization, this case does not involve a cross-gender search but cross-gender viewing.

"[R]egular and close" cross-gender viewing of strip searches may violate the Fourth Amendment.  Smith v. City of New York, No. 14 Civ. 5934(JCF), 2015 WL 3929621, at *3 (S.D.N.Y. June 17, 2015) (dismissing Fourth Amendment claim for cross-gender viewing of strip search where inmate conceded searches were conducted for legitimate purposes, presence of other inmates was incidental, cameras located in search area were not monitored, and recordings of search could be viewed only in

response to allegations of assault); but see Hayes v. Marriott, 70 F.3d 1144, 1147 & 1148 n.5 (10th Cir. 1995) (remanding for further development of the record where inmate alleged that he was strip searched in the presence of many persons including female staff, that the search was videotaped, and that there was unlimited access to the recording of the search).

The plaintiff alleges that he was strip searched in the presence of all inmates in his housing unit, one of whom was a sex offender, that the search was recorded, and that defendant Penfield, a female officer, was monitoring the cameras in the control center.  He also implies that the recording could be freely viewed.  In light of these allegations, the plaintiff's Fourth Amendment claim will proceed at this time.

The plaintiff also contends that the search violated his rights under the Eighth Amendment.  To prevail on an Eighth Amendment claim based on unconstitutional conditions of confinement, an inmate must meet both an objective and a subjective prong.  Objectively, the plaintiff must establish that he suffered a sufficiently serious deprivation of his "basic human needs – e.g., food, clothing, shelter, medical care and reasonable safety."  Helling v. McKinney, 509 U.S. 25, 32 (1993) (internal quotation marks and citation omitted).  The deprivations must be examined in light of contemporary standards of decency to determine whether they are sufficiently serious. Id. at 35-36; Rhodes v. Chapman, 425 U.S. 337, 347 (1981).  Subjectively, the plaintiff must show that the defendants acted with "more than mere negligence."  Farmer v. Brennan, 511 U.S. 825, 835 (1994).   The plaintiff must demonstrate that the defendant

prison officials knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action.  See id. at 834, 837.

Strip searches conducted in the presence of other inmates or female staff members are permissible if the search is conducted for a legitimate penological purpose.  See Miller v. Bailey, No. 05-CV-5493(CBA)(LB), 2008 WL 1787692, at *9 (E.D.N.Y. Apr. 17, 2008) (dismissing plaintiff's claim challenging strip search conducted in embarrassing manner in the presence of other inmates because search was routine institutional search conducted for legitimate penological purpose and plaintiff failed to allege any conduct during search that violated his constitutional rights).  Absent information regarding the reason for the search and further information regarding the manner in which the search was conducted, the court cannot determine whether the plaintiff states a cognizable Eighth Amendment claim.  Accordingly, the Eighth Amendment claim will proceed at this time.

III.    MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff also has filed a motion seeking appointment of pro bono counsel pursuant to section 1915 of title 28 of the United States Code.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003); Hendricks v. Coughlin, 114 F.3d 390, 396 (2d Cir. 1997).  The Second Circuit also has made clear that, before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Saviano v. Local 32B-32J, 75

Fed.Appx. 58, 59 (2d Cir. 2003) (quoting <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 173 (2d Cir. 1989)).

In his Motion, the plaintiff identifies one attorney who declined representation. This is insufficient to demonstrate an inability to obtain counsel.  In addition, the plaintiff attaches a letter from Inmates' Legal Assistance Program stating that the Program's contract with the Department of Correction will expire.  The plaintiff does not indicate, however, that he contacted Inmates Legal Aid Program, the organization now under contract with the Department of Correction to provide legal assistance to Connecticut inmates.  Thus, the plaintiff has not demonstrated that he is unable to obtain legal assistance on his own for this case.  The plaintiff's Motion is denied, without prejudice, as premature.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)    All claims for violation of the Prison Rape Elimination Act are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)    **The Clerk shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order.  The Clerk shall report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on that defendant in his or her individual capacity and the

6

defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)      The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)      The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **120 days** from the date of this Order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(6)      All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)      Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)      If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of

a new address even if he is incarcerated.  The plaintiff should write "PLEASE NOTE MY

NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter

without indicating that it is a new address.  If the plaintiff has more than one pending

case, he should indicate all of the case numbers in the notification of change of

address.  The plaintiff should also notify the defendant or the attorney for the defendant

of his new address.

(9)      The plaintiff's motion for appointment of counsel [**Doc. #3**] is **DENIED**

without prejudice.

**SO ORDERED.**

Dated this 31st day of July 2015 at New Haven, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge